UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES A. HARPER,

    Plaintiff,

                                                                     File No. 1:13-CV-721

v.

                                                                     HON. ROBERT HOLMES BELL

REDWOOD TOXICOLOGY,

    Defendant.
                                                      /

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION**

       This is a diversity action brought by a federal prisoner against a laboratory, alleging negligence in handling a urine sample Plaintiff submitted during his participation in a residential re-entry program. Pending before the court is Defendant's Motion for Summary Judgment. (ECF No. 92). The matter was referred to Magistrate Judge Phillip J. Green, who issued a Report and Recommendation (R&R) on November 26, 2014, recommending that this Court grant Defendant's motion. (ECF No. 105.) The matter is presently before the Court on Plaintiff's objections to the R&R. (ECF No. 106.) Defendant has filed a response in support of the Magistrate Judge's R&R. (ECF No. 107.) For the reasons below, this Court overrules the objections and issues this Memorandum Opinion and Order.

       This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to

enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff has filed the following objections: (1) the fact of an incongruous two-minute discrepancy between the time when a lab report was released and the later timestamp when the report was created merits further discovery; (2) the law permits an inference that the laboratory received his specimen with a broken seal based upon a BOP chain-of-custody form; and (3) a jury could infer that Defendant's failure to note the broken seal is the but-for cause of Plaintiff's injuries.

Plaintiff's first objection does not merit further discovery in this matter. Plaintiff was provided seven months of discovery. The two-minute time discrepancy in the lab report evidence was apparent during the early stages of discovery and provided a basis for further discovery during the appropriate time allotted. Discovery is now closed. This Court has already decided Plaintiff's multiple motions for an extension of discovery and to compel discovery. Plaintiff may not re-litigate those decisions.

Plaintiff's second objection is that he is permitted an inference that Defendant Redwood received his urine specimen with a broken seal. Plaintiff argues his inference is reasonable because "the mark near the 'yes' box [indicating the seal was intact] is above it, not through it, therefore, the 'yes' box isn't marked at all." (Pl. Obj. at 3.) Plaintiff's inference is not reasonable. This Court agrees with the Magistrate Judge's determination that, at most, the check marks on the chain-of-custody form are inconclusive as to whether the seal

2

was intact when Redwood received the specimen. Even assuming Plaintiff's version that the "yes" box had not been marked at all, Plaintiff fails to create a genuine material dispute that Redwood breached its duty in light of Redwood's unrebutted evidence of its standard practice in handling specimens with broken seals. Thus, Plaintiff cannot demonstrate this essential element of his negligence claim.

Plaintiff's final objection, in which he attempts to show cause in fact, does not respond to the Magistrate Judge's determination that Plaintiff failed to show proximate cause. Contrary to Plaintiff's assertion, the proximate cause element was specifically raised in Defendant's Motion for Summary Judgment. (Def. Mot. at 14–15.) As demonstrated in Magistrate Judge Green's thorough analysis, Plaintiff's case requires stacking inference upon inference upon inference from the fact of a single chain-of-custody form and a two-minute discrepancy. From the mere scintilla of evidence adduced, a jury could not reasonably find for Plaintiff. Plaintiff cannot demonstrate the legal cause prong of proximate cause, and thus summary judgment in favor of Defendant is appropriate.

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* Fed. R. Civ. P. 58. Because this action was filed in forma pauperis, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir.1997).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 106) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's R&R (ECF No. 105) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 92) is **GRANTED**.

Dated: January 9, 2015        /s/ Robert Holmes Bell
                              ROBERT HOLMES BELL
                              UNITED STATES DISTRICT JUDGE